IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO. 20-51780 |
| Earth Energy Renewables, LLC | § § | |
| | § | CHAPTER 11 |
| DEBTOR. | § § | SUBCHAPTER V |

**OBJECTION TO DEBTOR'S MOTION TO AUTHORIZE DEBTOR TO DISBURSE PAYROLL AND ASSOCIATE PAYROLL TAXES FOR PRE-PETITION PERIOD**

Ara EER Holdings, LLC ("Ara"), a creditor in the above-captioned bankruptcy case, hereby files this objection (the "Objection") to *Debtors' Motion to Authorize Debtor to Disburse Payroll and Associated Payroll Taxes for Pre-Petition Period* (the "Motion") [D.E. #8]. In support of this Objection, Ara respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Ara does not oppose the Debtor's employee's receiving payment for prepetition work – hard-working employees deserve to be paid. However, Ara was forced to file this Objection because the Motion and other filings in this case pose more questions than answers regarding the Debtor's ability to effectuate any relief requested in the Motion. The Debtor has limited assets, no DIP loan facility, and its reported cash on hand is inadequate to satisfy the obligations it is seeking approval to pay.

2. Furthermore, granting the Motion may constitute approval of a financing motion in disguise. Paragraph 16 of the Motion states "[t]he sources of funds for the payroll are the contributions from investors in the form of loans, convertible notes and equity infusions." However, the Debtor has not requested this Court to approve any type of financing and has

1

provided no details on when or on what terms they obtained these mystery funds. Any post-petition financing must be submitted for approval pursuant to section 364 of the Bankruptcy Code.

## BACKGROUND

3. Ara is a Delaware limited liability company that has a properly perfected security interest in certain intellectual property and proceeds thereof of Earth Energy Renewables LLC (the "Debtor") pursuant to a UCC-1 filed January 15, 2020, with Texas Secretary of State. [D.E. #8 ¶8].[1]

4. On January 13, 2020, the Debtor and Ara entered into a Note Purchase Agreement (the "Note Purchase Agreement") whereby Ara purchased an 8% Note due June 3, 2020 (the "Note"). That same day the Debtor and Ara entered into a Security Agreement granting Ara a security interest in certain intellectual property held by the Debtor and the proceeds thereof (the "Security Agreement"). The Debtor and Ara have amended the Note Purchase Agreement and Note from time to time. True and correct copies of the Note Purchase Agreement and all amendments thereto, the Security Agreement, Note, Ara's UCC-1 Financing Statement, and Ara's USPTO Notice of Recordation of Assignment Document are attached hereto as Exhibits A-E.

5. The purpose of the Note Purchase Agreement was to provide the Debtor with payroll financing while it developed its intellectual property assets. The Note Purchase Agreement requires the Debtor to use the proceeds of the Note "exclusively to pay (a) the payroll and other corporate expenses of the Company set forth in the Budget for Application of Note Proceeds … and (b) such other corporate expenses of the [Debtor] as the parties may agree in writing." (*See* Note Purchase Agreement (Exhibit A) §2.)

---

[1] The Motion discusses various creditors' interests in collateral. The Debtor may have overstated Cobb and Alle's security interests. Ara reserves its right to investigate and potentially challenge the extent of any security interest.

6. The Debtor defaulted on the Note prepetition. The Debtor asserts that, as of September 30, 2020, it owed Ara $2,837,491.00. [D.E. #2 at p. 2]. In fact, as of the Petition Date (as defined below), the Debtor owed EER no less than $3,105,466.12.

7. On October 20, 2020 (the "Petition Date") the Debtor filed a voluntary petition (the "Petition") [D.E. #1] under chapter 11 subchapter V of the Bankruptcy Code.

8. The Debtor filed the Motion on October 26, 2020. The Motion requests authority to pay $54,400.00 in wages and $4,161.00 in payroll taxes (together with wages, "Payroll Obligations") covering the period from October 16, 2020, through October 31, 2020. [D.E. #8 ¶13]. However, the Motion leaves unclear whether the Debtor is also seeking to make payments on its installment agreement for payroll tax arrearages with the IRS (the "IRS Arrearage") – a prepetition debt of $166,649. [D.E. #8 ¶13].

9. According to the Debtor's balance sheet filed pursuant to 11 U.S.C. § 1116(1)(B), as of September 30, 2020, the Debtor's checking/savings was $19,125.04. [D.E. #2 at p. 1]. At a minimum, the Debtor is short approximately $40,000 to pay the Payroll Obligations.

**OBJECTION**

10. The Motion must be denied. The Debtor has $19,125.04 in cash. That plainly is not enough to cover nearly $60,000 in Payroll Obligations. If the Debtor is also asking to pay some or all of the IRS Arrearage, that is plainly not possible, either.

11. More materially, the Debtor has made no showing of how it is able to continue as a going concern. Whatever administrative expenses it has other than Payroll Obligations – attorneys' fees, utilities, post-petition ordinary course purchases, etc. – cannot be satisfied without an immediate sale of assets under section 363 of the Bankruptcy Code or the approval of additional

financing under section 364 of the Bankruptcy Code. As of this writing, the Debtor has filed neither a sale motion nor a DIP financing motion.

12. In a sense, the Motion is *déjà vu* for this Debtor. Ara has loaned the Debtor money to make its payroll since January. Nine months and one bankruptcy filing later, the Debtor still has no marketable product, has no cash flow, requires payday loans to operate, and appears to have no way to execute a business plan going forward. Even if the Court grants the Motion without postpetition financing, which would need to be subject to the required notice and hearing provisions in the Bankruptcy Code (as described more fully below), the Debtor's own filings show that it will be in this same position again at the end of the next pay period.

13. Ara further objects to the improper request for financing hidden within the Motion. The Debtor seeks approval of payments for Payroll Obligations and potentially the IRS Arrearage with "contributions from investors in the form of loans, convertible notes and equity infusions." (D.E. #8 ¶16.) However, the Debtor does not provide any detail on those contributions, the date the contributions were made, the amounts of the contributions, and any strings attached to the contributions such as post-petition liens, payment priority, or terms of repayment.

14. The Debtor is essentially asking this Court to bless an unspecified and undisclosed financing arrangement that must be reviewed under the framework of 11 U.S.C. § 364. That section requires notice and Court approval for most types of postpetition financing. *See In re Cowin*, 2014 Bankr. LEXIS 1110 at *97 (S.D. Tex. March 21, 2014) ("Section 364 requires any debtor-in-possession to obtain court approval for post-petition financing unless obtaining such financing is in the ordinary course of the debtor-in-possession's business."). That the Debtor needs to pay its employees does not allow it to skirt section 364.

4

15. Furthermore, to the extent that the Debtor's financing agreement would prime Ara's lien, Ara does not consent to that treatment, nor has the Debtor granted Ara adequate protection as required by the Bankruptcy Code. *See* 11 U.S.C. § 364(d) (requiring debtor to prove it is unable to obtain other credit without priming and to provide adequate protection to the existing creditor).

## CONCLUSION

WHEREFORE, Ara respectfully requests that this Court deny the Motion.

Dated: October 28, 2020

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ John P. Melko*
John P. Melko
State Bar No. 13919600
Email: jmelko@foley.com
1000 Louisiana Street, Suite 2000
Houston, TX 77002-2099
Telephone: 713.276.5500
Facsimile: 713.276.5555

*Attorneys for Ara EER Holdings, LLC*

## CERTIFICATE OF SERVICE

  I do hereby certify that on October 28, 2020, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case and/or by First Class U.S. Mail upon all parties listed on the attached service not receiving ECF no later than the next business day after the filing of this objection.

*/s/ John P. Melko*
John P. Melko

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 20-51780-rbk<br>Western District of Texas<br>San Antonio<br>Wed Oct 28 18:01:34 CDT 2020 | Earth Energy Renewables, LLC<br>Po Box 2185<br>Attn Jeff Wooley, Manager<br>Canyon Lake, TX 78133-0009 | |
| ARA EER Holdings, LLC<br>5300 Memorial Dr. Ste. 500<br>Houston, TX 77007-8228 | Agilent Technologies<br>4187 Collections Ce...<br>Chicago, IL 60693-0001 | American Biochemicals<br>2151 Harvey Mitchell Pkwy S<br>College Sta, TX 77840-5281 |
| Ara EER Holdings, LLC<br>c/o John P. Melko<br>Foley & Lardner LLP<br>1000 Louisiana Street, Ste. 2000<br>Houston, TX 77002-5018 | Arrow Engineering<br>260 Pennsylvania Ave<br>Hillside, NJ 07205-2636 | BMWK Group LLC<br>Po Box 6713<br>Bryan, TX 77805-6713 |
| Brazos County<br>Kristeen Roe, Tax A/c<br>4151 County Park Ct<br>Bryan, TX 77802-1430 | Brazos County<br>c/o Tara LeDay<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | CardmemberVISA<br>PO Box 79408<br>Saint Louis, MO 63179-0408 |
| Carl Frampton<br>3838 Walden Estates Dr<br>Montgomery, TX 77356-8917 | Concurrencies<br>Adriaan van Bleijenburgstraat 22<br>3311LB Dordrechi<br>Kingdom of the Netherlands | Dunaway/UDG<br>550 Bailey Ave, Suit...<br>Fort Worth, TX 76107-2155 |
| Dunn Heat Exchangers, Inc<br>Po Box 644003<br>Dallas, TX 75264-4003 | EE-TDF Cleveland LLC<br>1400 S Travis Ave<br>Cleveland, TX 77327-8403 | Eddie Hare<br>5855 Foster Rd<br>Bryan, TX 77807-9771 |
| Endress + Hauser, Inc<br>Dept 78795<br>Detroit, MI 48278-0795 | Feldman Plumbing Company<br>Po Box 9700<br>College Sta, TX 77842-7700 | First Glendenan Advisors LLC<br>C/O Andreas Vietor<br>5128 Applegate Lane<br>Dallas, TX 75287 |
| Frontier<br>43218 Business Park Dr Ste 103<br>Temecula, CA 92590-3601 | Global Management Partners<br>1701 Directors Boulevard Suite 300<br>Austin, TX 78744-1044 | Hamilton Clark Sustainable Cap<br>1701 Pennsylvania Avenue NW Suite 200<br>Washington, DC 20006-5823 |
| Jeffery Wooley<br>Po Box 2185<br>Canyon Lake, TX 78133-0009 | John Wooley<br>Po Box 684707<br>Austin, TX 78768-4707 | Kemin Industries, Inc.<br>c/o Deborah D. Williamson<br>Dykema Gossett PLLC<br>112 E. Pecan Street, Suite 1800<br>San Antonio, TX 78205-1521 |
| Lipid Technologies LLC<br>1600 19th Ave Sw<br>Austin, MN 55912-1778 | Lowes<br>3255 Freedom Blvd<br>Bryan, TX 77802 | MCHAM LAW<br>9414 Anderson Mill Rd<br>Austin, TX 78729-4428 |

```
Norton Rose Fulbright          O'Keefe IP Counseling         Omeara Consulting LLC
Po Box 122613                  8127 Mesa Dr. B206-62         407 Sinclair Ave Se
Dallas, TX 75312-2613          Austin, TX 78759-8774         Cedar Rapids, IA 52403-1828


Praxair                        Puffer Sweiven                S-Con Services Inc
Po Box 120812                  Po Box 301124                 Po Box 394
Dallas, TX 75312-0812          Dallas, TX 75303-1124         Bryan, TX 77806-0394


Saenz                          Service Tech                  Steven Swanson Consulting LLC
9155 White Creek Road          Po Box 1101                   11807 Legend Manor Dr
College Station, TX 77845-6123 Bryan, TX 77806-1101          Houston, TX 77082-3079


Texas A & M University         United States Trustee - SA12  VWR International LLC
Dept of Chemistry              US Trustee's Office           PO Box 640169
Fin Mgmt Ops, AR Dept          615 E Houston, Suite 533      Pittsburgh, PA 15264-0169
6000 Tamu                      PO Box 1539
College Sta, TX 77843-0001     San Antonio, TX 78295-1539

Williams Scotsman, Inc         Zeep Incorporated             Eric Terry
Po Box 91975                   13505 Galleria Cir Ste W-200  Eric Terry Law, PLLC
Chicago, IL 60693-1975         Austin, TX 78738              3511 Broadway
                                                             San Antonio, TX 78209-6513


Frank B. Lyon
Two Far West Plaza #170
3508 Far West Blvd.
Austin, TX 78731-3080
```