## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **EARTH ENERGY RENEWABLES, LLC** | § | **Case No. 20-51780-RBK** |
| | § | |
| | § | **CHAPTER 11** |
| **DEBTOR** | § | **SUBCHAPTER V** |

---

### MOTION OF ERIC TERRY, SUBCHAPTER V TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING TRUSTEE TO OBTAIN POSTPETITION FINANCING AND GRANTING RELATED RELIEF

---

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE RONALD B. KING, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Eric Terry, the Chapter 11, Subchapter V Trustee ("**Trustee**") for Earth Energy Renewables, LLC ("**Debtor**") respectfully files this emergency motion ("**Motion**") for entry of an order: (i) authorizing the Trustee to obtain post-petition financing in the amount of $160,000.00 pursuant to § 364 of the Bankruptcy Code; and (ii) granting related relief. The proposed financing

will enable the Trustee to pay non-professional administrative expenses that are necessary to maintain the Debtor's value and reorganize the Debtor.

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1.      The United States Bankruptcy Court for the Western District of Texas has jurisdiction over this matter under 28 U.S.C. § 1334.  The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The statutory bases for relief requested herein are §§ 105, 362, 363, and 364 of the Bankruptcy Code ("**Bankruptcy Code**"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure ("**Rules**"), and Rules 2002, 4001, and 9013 of the Bankruptcy Local Rules for the Western District of Texas ("**L. Rule**").

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      This Chapter 11, Subchapter V proceeding was commenced by voluntary petition filed on October 20, 2020 ("**Petition Date**").[1]

5.      The Debtor is a Texas limited liability company in the bio-chemical business and employs engineers, technicians, support staff, and management.

6.      On December 21, 2020, the Court entered an order removing the Debtor as a debtor-in-possession and ordered that the Trustee perform the duties set forth in 11 U.S.C. § 1183(b)(5).[2]

7.      The Trustee, along with the Trustee's professionals, are focused on maintaining the value of the Debtor's business to allow a plan to be confirmed.

8.      The Trustee is requesting to borrow $160,000 ("**DIP Commitment**") from Ara EER Holdings, LLC ("**Ara**").  The proposed financing of $160,000 would fund Debtor's expenses

---

[1] ECF No. 1.
[2] ECF No. 102.

from December 24 through January 15.  The Trustee is seeking this limited amount of funding to allow him the opportunity to satisfy the Debtor's short-term business obligations, in particular its payroll obligations, which he explores his options for long-term postpetition financing.

9.      Pursuant to Bankruptcy Code § 364(c)(1), the DIP Commitment shall constitute allowed senior administrative expenses of the Debtor's estate and have priority in repayment to Ara over any other indebtedness and/or obligations now in existence or incurred hereafter by the Debtor and over all administrative expenses or charges against property arising in the Chapter 11 Cases and any superseding Chapter 7 cases including, without limitation, those specified in Bankruptcy Code §§ 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113, or 1114.

10.     It is critical to the operation of the Debtor's business, and to the Trustee's reorganization efforts that the estate be permitted to continue to fund its expenses.  The current funds will be used to pay for the Debtor's operational expenses including payroll.  The Debtor's employees must be paid during the Christmas holiday.

11.     As set forth in the budget attached to the proposed Final Order attached hereto ("**Budget**"), the budget is narrowly tailored to bridge expense needs until a larger, long-term loan can be obtained.

12.     The Debtor's current cash balance is less than $5,000 and the Debtor is not expected to generate any revenue before the end of the year.

13.     Accordingly, the Debtor needs immediate access to financing to fund necessary operations, maintain critical employees,[3] and preserve value for all stakeholders.

**RELIEF REQUESTED**

---

[3] The employees have committed to continue their employment through January 31, 2020 upon receipt of past-due wages.

14.     The Trustee respectfully requests entry of a final order under Bankruptcy Code §§ 362, 363, and 364(c), and Bankruptcy Rules 4001(d) and 9014:

a.      Authorizing the Trustee to obtain, on a final basis, $160,000 in post-petition financing pursuant to the terms set forth in the *Proposed Order Authorizing the Trustee to Obtain Post-Petition Financing and Granting Related Relief* attached hereto ("**Order**");

b.      Granting to Ara an allowed senior administrative expense claim against the Debtor's estate that has priority in repayment to Ara over any other indebtedness and/or obligations now in existence or incurred hereafter by the Debtor and over all administrative expenses or charges against property arising in the Chapter 11 Cases and any superseding Chapter 7 cases including, without limitation, those specified in Bankruptcy Code §§ 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113, or 1114.

c.      Authorizing the Trustee to disburse loan proceeds consistent with the Budget; and

d.      Modifying the automatic stay of Bankruptcy Code § 362 to the extent provided herein.

15.     As set forth in the Budget, the Debtor has incurred and continues to incur necessary expenses for which the Debtor does not have sufficient funds, including salaries for the Debtor's key employees that are critical to maintaining the Debtor's value.  The Trustee understands that the employees have continued to remain dedicated to the Debtor throughout this case, but the Trustee and the estate cannot expect these individuals to continue their employment and dedication without payment.  Accordingly, this loan is critical to fund necessary employee wages and operational expenses, without which the Debtor cannot survive.

### SUMMARY OF RELIEF REQUESTED

16.     This loan will be provided in accordance with the terms and conditions set forth in the Order.

17.     In compliance with Bankruptcy Rule 4001(c) and (d), the Trustee makes the following concise statement about the relief requested herein:

a. **Borrower:** Debtor Earth Energy Renewables, LLC would be the sole borrow under the post-petition financing.

b. **Post-Petition Lender:** Ara EER Holdings, LLC or any of its affiliates or assigns.

c. **Facility Amount:** In an amount up to $160,000.

d. **Purpose:** The Trustee would use the borrowings under the loan to fund the post-petition operational expenses of the Debtor during the pendency of this bankruptcy case.

e. **Maturity:** The earlier of (i) 6 months from the date of the entry of the Order, (ii) the effective date of any plan of reorganization or liquidation, or (iii) upon conversion of this case to Chapter 7.

f. **Interest Rate:** 5% per annum.

g. **Lender Fee:** $0.

h. **DIP Collateral**: Pursuant to Bankruptcy Code sections 363, 364(c), and 364(d), as security for the Emergency DIP Facility, the Debtor is hereby authorized to and are hereby deemed to grant to Ara a senior, continuing, valid, binding, and enforceable lien, mortgage and/or security interest ("**Lien**") in the same collateral identified in the Security Agreement dated January 13, 2020 by and between the Debtor and Ara in connection with the Note Purchase Agreement executed the same date, as amended from time to time. (*See* ECF No. 15-2 at2, ¶1). Such Lien shall be non-avoidable and shall be deemed automatically and properly perfected upon entry of the Order.

i. **Event of Default**: If: (a) default is made in the payment of any part of the principal or interest; or (b) if there is a default in any of the other terms, covenants, conditions, agreements, or provisions set forth in any instruments securing payment hereof and, in the case of this clause (b), such default continues for thirty (30) days following Trustee's knowledge or receipt of written notice thereof ((a) or (b), an "**Event of Default**"), then in any such event the holder or holder of the DIP Loan shall have the option to declare the loan due and payable whereupon the entire unpaid principal balance of the loan and all interest accrued thereon shall thereupon at once mature and become due and payable upon demand. Ara shall provide notice of any Event of Default in writing via email to the Trustee and counsel for the Trustee.

j. **Protection of DIP Lender's Rights:** The automatic stay is requested to be modified to the extent necessary to permit Ara to take any of the following actions, at the same or different time, immediately upon the occurrence of an Event of Default: (i) deliver a notice of an Event of Default to the Trustee ("**Default Notice**"); and (ii) declare all applicable obligations to be immediately due and payable. Following delivery of such Default Notice, Ara would be permitted to file

a motion ("**Stay Motion**") seeking emergency relief from the automatic stay on at least five (5) business days' notice to request a further order of the Court permitting Ara to proceed to protect, enforce, or exercise any rights and remedies provided for in the Order or Promissory Note and under applicable law. The Trustee shall not object to the Stay Motion being heard on shortened notice; however, neither the Trustee nor any other party in interest is barred from disputing that an event of Default has occurred or the appropriateness of any relief sought under the facts and circumstances of the case. Until such time as the Stay Motion has been adjudicated by the Court, the Trustee may use the DIP Loan proceeds consistent with this Order. For the avoidance of doubt, any remedy provisions set forth in the DIP Documents are subject to this paragraph and the terms of this Order.

## BASES FOR RELIEF REQUESTED

18.     As set forth above, the Trustee's ability to preserve the Debtor's assets for an eventual reorganization or sale requires post-petition financing.

19.     Section 364 of the Bankruptcy Code provides:

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this tile as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estates that is subject to a lien.[4]

20.     Bankruptcy courts consider the following factors to determine whether post-petition financing under § 364(c) is appropriate: (i) whether the debtor is unable to obtain unsecured credit under section 364(b); (ii) whether the financing is necessary to preserve the assets

---

[4] 11 U.S.C. § 364(b)–(c).

of the debtor's estate; and (iii) whether the terms of the financing are fair, reasonable, and adequate under circumstances.[5]

21.     As set forth below, the Trustee submits that the proposed financing satisfies the requirements of the Bankruptcy Code.

### THE TRUSTEE'S BUSINESS JUDGMENT

22.     Post-petition financing under the terms set forth in the Promissory Note and Order is consistent with the Trustee's reasonable business judgment.  Courts grant considerable deference to a debtor-in-possession's business judgment, so long as the agreement to obtain such credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code.[6]

23.     Only Ara has expressed interest in providing post-petition financing on such an expedited basis.   Further, under the circumstances of this case, including the absence of material revenue, the Trustee, in consultation with his professionals, does not believe that financing on better terms is available.  Under the circumstances of this case, the Trustee, in consultation with his professionals, believe that the terms of the proposed loan are reasonable, fair, and in the best interest of the Debtor and the Debtor's estate.  The Trustee negotiated the terms of the loan with Ara in good faith and at arm's length, and the Trustee believes that the DIP Loan is the best

---

[5]  *See In re L.A. Dodgers LLC*, 457 B.R. 312-13 (Bankr. D. Del. 2011) (identifying these three factors in considering post-petition financing); *In re Farmland Indus., Inc*., 294 B.R. 855, 879 (Bankr. W.D. Mo. 2003) (courts look to various factors including whether "the proposed financing is an exercise of sound and reasonable business judgment").

[6]  *In re L.A. Dodgers LLC*, 457 B.R. 308 at 313 ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender.").

financing available at this time.

## A. The Trustee Has Been Unable to Obtain an Offer for Financing Absent Administrative Priority Status

24.     The Trustee has been unable to obtain unsecured credit absent the loan being subject to administrative priority status.  A trustee need only demonstrate "by a good faith effort that credit was not available without" the protections of § 364(c).[7]  Moreover, in circumstances where only a few if any lenders are willing to extend credit to a debtor, "it would be unrealistic and unnecessary to require [the trustee] to conduct such an exhaustive search for financing."[8]

25.     Ara is not willing to provide financing on an unsecured basis without administrative priority status.

## B. The Post-Petition Financing is Necessary to Preserve Value

26.     As set forth above, the Debtor does not have funds to satisfy ongoing and past-due expenses and maintain critical employees without this bridge loan.  The Debtor incurs monthly operational expenses yet receive no appreciable revenue.  Access to immediate financing is necessary to maintain and continue to advance toward a plan.  Accordingly, the Trustee has an immediate need to obtain financing to preserve and maximize the value of the Debtor's estate.

## C. The Terms of the Post-Petition Financing Are Fair and Reasonable, and Adequate Under the Circumstances

27.     When considering whether the terms of post-petition financing are fair and reasonable, courts must consider the circumstances affecting both the debtor and the lender.[9]

28.     The loan terms are fair and reasonable and constitute the best and only financing available.  The interest rate is consistent with the market for loans under similar circumstances,

---

[7] *Bray v. Shenandoah Fed. Sav. & Loan Ass'n* (*In re Snowshoe Co.*), 789 F.2d 1085, 1088 (4th Cir. 1986).
[8] *In re Sky Valley, Inc.*, 100 B.R. 107, 113 (Bankr. N.D. 1989).
[9] *In re Farmland Indus., Inc.*, 294 B.R. 855 (Bankr. W.D. Mo. 2003).

the Trustee is not able to obtain financing on better terms, and the Trustee is not proposing to prime any liens by third parties.

**D. The DIP Lender Should Be Deemed a Good Faith Lender Under § 364(e)**

29.     As set forth herein, the Trustee and the Trustee's professionals, and Ara negotiated the DIP Loan at arm's length and in good faith.  Further, proceeds of the DIP Loan will be used only for purposes permitted by the Bankruptcy Code.  Accordingly, the Trustee respectfully submits that the DIP Lender is a "good faith" lender entitled to § 364(e)'s protections.

### REQUEST FOR WAIVER OF RULE 6004

30.     To implement the loan successfully, the Trustee seeks a waiver of the notice requirements under Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Rules 6004(h), 7062, 9014, or otherwise for all of the reasons described above.

### NOTICE

31.     In accordance with Rule 4001(c), notice of this Motion and the relief requested in this Motion has been given to (a) the Office of the U.S. Trustee; (b) the Debtor's 20 largest unsecured creditors; (c) counsel to Ara; (d) the Office of the United States Attorney General for the State of Texas; (e) the Internal Revenue Service; and (f) all parties requesting notice under Rule 2002.  In light of the nature of the relief requested in this Motion, the Trustee respectfully submits that no further notice is necessary.

### CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order substantially in the form of the attached proposed Order, authorizing the Trustee to borrow funds

pursuant to the terms of the Promissory Note and proposed Order, and granting the Trustee such other and further relief as this Court may deem just and proper.

Dated: December 28, 2020

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Proposed counsel for Eric Terry, Subchapter V Trustee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of December, 2020, the foregoing Motion, along with attached exhibits and proposed order, was filed with the Court and served via the Court's CM/ECF system to all parties registered to receive such notice.  The undersigned further hereby certifies that the foregoing Motion, along with attached exhibits and proposed order, were served via first class mail to all known creditors, as identified on the attached creditor matrix.

*/s/ Jarrod B. Martin*
Jarrod B. Martin