IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EARTH ENERGY RENEWABLES, LLC, | § | Case No. 20-51780-RBK |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | SUBCHAPTER V |

**MOTION OF ERIC TERRY, SUBCHAPTER V TRUSTEE FOR
EXTENSION OF TIME TO FILE A PLAN OF REORGANIZATION**

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE RONALD B. KING, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Eric Terry, the Chapter 11, Subchapter V Trustee ("**Trustee**") for Earth Energy Renewables, LLC ("**Debtor**") respectfully files this *Motion for Extension of Time to File a Plan of Reorganization* ("**Motion**"), and respectfully states as follows:

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY**

1. The United States Bankruptcy Court for the Western District of Texas has jurisdiction over this matter under 28 U.S.C. § 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 1183 of the Bankruptcy Code,[1] Rule 3016 of the Federal Rules of Bankruptcy Procedure, and Rules 9013 and 9014 of the Bankruptcy Local Rules for the Western District of Texas ("**L. Rule**").

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. This case ("**Case**") was commenced by voluntary petition filed on October 20, 2020 ("**Petition Date**").[2] The Debtor elected to proceed under Subchapter V of Chapter 11 ("**Subchapter V**").

5. The Debtor is a Texas limited liability company in the bio-chemical business and employs engineers, technicians, support staff, and management.

6. On December 21, 2020, the Court removed the Debtor as Debtor-In-Possession ("**DIP**") and ordered that the Trustee perform the duties set forth in 11 U.S.C. § 1183(b)(5) ("**Removal Order**").[3]

7. On January 4, 2021, the Debtor filed a motion to reconsider the Removal Order ("**Motion to Reconsider**").[4]

8. The Court denied the Motion to Reconsider on January 5, 2021.[5]

9. Currently, the deadline to file a Plan of Reorganization is Tuesday, January 19, 2021.[6]

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., and any section (§) thereof refers to the corresponding section in 11 U.S.C, unless stated otherwise.
[2] ECF No. 1.
[3] ECF No. 102.
[4] ECF No. 124.
[5] ECF No. 125.
[6] The original deadline was Monday, January 18, 2021, Martin Luther King Jr. Day, a federal holiday.

...

**RELIEF REQUESTED**

10. By this Motion, pursuant to §§ 105(a) and 1183, the Trustee seeks entry of an order extending the deadline in which a Subchapter V Plan may be filed. The relief requested in this Motion does not resolve whether the Trustee has authority to file a plan.

**BASES FOR RELIEF REQUESTED**

**(EXTENSION OF THE DEADLINE TO FILE A CHAPTER 11, SUBCHAPTER V PLAN)**

11. Pursuant to 11 U.S.C. § 1189(b), the Debtor is required to file its Plan of Reorganization within 90 days of the Petition Date, except that the Court may extend the period if the need for the extension is attributable to circumstances for which the Debtor should not justly be held accountable.

12. Here, the deadline to file a plan of reorganization is Tuesday, January 19, 2021.[7]

13. Because of the legal ambiguity more thoroughly described in the Trustee's *Motion for Authority to Formulate and File a Plan of Reorganization*, filed contemporaneously with this Motion, the Trustee respectfully requests an extension or abatement of the deadline to file a plan of reorganization, so that the legal issues may be briefed and heard in further detail. This extension would apply to any party authorized to file a plan. Further, regardless of any conduct by the Debtor heretofore, the Trustee believes that the extension is solely attributable to the legal ambiguity surrounding the Removal Order, and is a circumstance for which the Debtor should not justly be held accountable.

**CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order substantially in the form of the attached proposed Order, granting the relief requested in the

---

[7] The original deadline was Monday, January 18, 2021, Martin Luther King Jr. Day, a federal holiday.

Motion, and such other and further relief as this Court may deem just and proper.

Dated: January 7, 2021

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: /s/ Jarrod B. Martin
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

*Counsel for Eric Terry, Subchapter V Trustee*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2021, the foregoing Motion was filed with the Court and served via the Court's CM/ECF system to all parties registered to receive such notice. The undersigned further hereby certifies that the foregoing Motion were served via first-class mail to all known creditors, as identified on the attached creditor matrix, no later than the next day after filing.

*/s/ Jarrod B. Martin*
Jarrod B. Martin